Case 2:23-cv-10853-MWF-JPR    Document 100    Filed 02/09/26    Page 1 of 5    Page ID #:550

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1661, INC. d/b/a GOAT, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PESJ HOLDING COMPANY, LLC d/b/a SNEAKGALLERY, a Texas limited liability company; SIDNEY SMITH, an individual; and DOES 1-10,<br><br>Defendants. | Case No. 2:23-cv-10853-MWF-JPR<br><br>Hon. Michael W. Fitzgerald<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

On July 31, 2025, the Court **GRANTED** a Motion for Default Judgment in favor of Plaintiff 1661, Inc. d/b/a GOAT as to Defendant PESJ Holding Company, LLC, d/b/a SNEAKGALLERY. (Docket No. 82).

On February 9, 2026, the Court **GRANTED** a Motion for Default Judgment in favor of Plaintiff 1661, Inc. d/b/a GOAT as to Defendant Sidney Smith.

Good cause having been shown and pursuant to Rules 54, 55, and 65 of the Federal Rules of Civil Procedure and Local Rule 55-3,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that final judgment in this action be entered as follows:

1. Judgment is entered in favor of Plaintiff 1661, Inc. d/b/a GOAT ("Plaintiff") and against Defendant PESJ Holding Company, LLC, d/b/a SNEAKGALLERY, and Defendant Sidney Smith ("Defendants").

2. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants PESJ Holding Company, LLC, Sidney Smith, and any other officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them are ORDERED to comply with the following:

    a. Defendants must permanently cease all use and never use the SG GOAT Mark, the GOAT Marks, or any other mark likely to cause confusion with the GOAT Marks (including any misspelling or variation of those Marks):

        i. in, on, or with any products or services, or

        ii. in connection with the advertising, marketing, or other promotion, distribution, offering for sale or sale of any products or services, including on any websites (e.g., sneakgallery.com) and social media accounts, such as Instagram (instagram.com/sneakgallery, www.instagram.com/sneakgallery_), X (x.com/sneakgallery), Facebook (www.facebook.com/sneakgallery), YouTube (www.youtube.com/user/sneakgallery), and TikTok

(www.tiktok.com/@sneakgallery) (collectively, the "Infringing Social Media Accounts").

b. Defendants must permanently cease and refrain from using any false designation of origin, false representation, or any false or misleading description of fact, that can, or is likely to, lead the consuming public or any individual members, to believe that any products or services produced, offered, promoted, marketed, advertised, provided, sold or otherwise distributed by the Enjoined Parties are in any manner associated or connected with GOAT, or are licensed, approved, or authorized in any way by GOAT.

c. Defendants must permanently cease and refrain from representing, suggesting in any fashion to any third party, or performing any act that may give rise to the belief, that the Enjoined Parties, or any of their products or services, are related to, authorized, or sponsored by GOAT.

d. Defendants must never register any domain name that contains any of the GOAT Marks (including any misspelling or variation of those Marks), or any domain name that is confusingly similar to any of the GOAT Marks.

e. Defendants must transfer to GOAT all domain names in the Enjoined Parties' possession, custody, or control that include the word "goat" (including any misspelling or variation of this word), or that are otherwise confusingly similar to or contain any of the GOAT Marks, or that were used in connection with the SG GOAT Mark (including the sneakgallery.com domain name).

f. Defendants must transfer to GOAT, disable, or delete all social media accounts (including the Infringing Social Media Accounts) that were used to promote the SG GOAT Mark, including all such accounts in

   the Enjoined Parties' possession, custody, or control that include the word "goat" (including any misspelling or variation of this word), or that are otherwise confusingly similar to or contain any of the GOAT Marks.

  g. Defendants must never unfairly compete with GOAT in any manner whatsoever, or engage in any unfair, fraudulent, or deceptive business practices that relate in any way to the production, distribution, marketing, and/or sale of products and services bearing any of the GOAT Marks or any other mark likely to cause confusion with the GOAT Marks (including any misspelling or variation of those Marks).

  h. Defendants must never apply for or seek to register the SG GOAT Mark, any of the GOAT Marks, or any other mark likely to cause confusion with the GOAT Marks (including any misspelling or variation of those Marks).

3. IT IS FURTHER ORDERED that Defendants shall file with the Court and serve on GOAT's counsel, within thirty (30) days after service of the order of injunction, a report in writing under oath setting forth in detail the manner, and form in which the Defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116.

4. IT IS FURTHER ORDERED that the social networking service or entity (*e.g.,* Facebook) related to any of the social media accounts subject to this Order must, within fourteen (14) days of receipt of this Order, transfer, disable, or otherwise cancel those subject accounts at Plaintiff's request if Defendants have not already done so.

5. IT IS FURTHER ORDERED that the Registry or Registrar for any infringing domain names must, within fourteen (14) days of receipt of this Order, transfer or otherwise assign those subject domain names to Plaintiff if the Defendants have not already done so.

6. Plaintiff shall recover its attorneys' fees and costs as provided by law.

Dated: February 9, 2026

_____
MICHAEL W. FITZGERALD
United States District Judge